Opinion by DONLON, J. In accordance with oral stipulation of counsel that the merchandise, described on the invoice as 1,033 cartons frozen boneless mutton, is similar in all material respects to the beef the subject of *United States* v. *J. H. Brown et al.* (46 C.C.P.A. 1, C.A.D. 686), except that the merchandise here involved is mutton, the claim of the plaintiff was sustained. **No. 66650.**—Gonzalez & Blanco *v.* United States, protest 121344–K (San Diego).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of canned pimientos similar in all material respects to those the subject of *Marine Products Co.* v. *United States* (42 Cust. Ct. 154, C.D. 2080), the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, APRIL 3, 1962

**No. 66651.**—H. H. Elder & Co. and T. V. Promotions Import Co. et al. *v.* United States, protests 60/4527, etc. (Los Angeles).

OLIVER, Chief Judge: The merchandise in this case consists of certain electric motors, identified as "Model No. 35S2610," which were classified as parts of toys and assessed with duty at the rate of 35 per centum ad valorem under paragraph 1513 of the Tariff Act of 1930, as modified. An additional assessment under the provisions of section 4541 of the Internal Revenue Code, based on the copper content of the merchandise, is not disputed. Plaintiffs claim that the electric motors in question are properly classifiable under the provision in paragraph 353 of the Tariff Act of 1930, as modified by T.D. 52739, for "Articles having as an essential feature an electrical element or device," carrying a dutiable assessment at the rate of 12½ per centum ad valorem.

During the course of the trial, counsel for the respective parties stipulated that the article in question (plaintiffs' exhibit 1) is "a D.C. electric motor, having as an essential feature an electric element or device" (R. 6) ; that it has "less than a tenth of a horsepower" (R. 97) ; and that it is "in chief value of metal." (R. 6.)

Plaintiffs' evidence establishes that the electric motor in question is used in electrically operated toys, as well as in electric shavers, electric toothbrushes, electric erasers, electric swizzle sticks (automatic mixers), electric hair driers, hand-held vacuum cleaners, "in fans that cool tubes in television sets and hi-fi equipment" (R. 9), in "barbecue blowers to fan the flame," and in "barbecue spit rotators" (R. 48). In the sporting field, the electric motor under consideration is used "in a fishing pole to reel back the line," as an aerator "in minnow buckets," and "in duck decoys to power ducks at the end of a line." (R. 47.)

That the imported electric motor in question is not as reliable, nor as efficient, and is inferior in construction, to a comparable electric motor of domestic manu-